UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THERESA JONES and DANIEL JONES,

        Plaintiffs,

    v.

MCCARTHY & HOLSTHUS, LLP, et al.

        Defendants.

Case No. 6:13-cv-195-TC

OPINION AND ORDER

AIKEN, Chief Judge:

    On February 1, 2013 plaintiffs filed suit and sought a temporary restraining order to enjoin a foreclosure and eviction. The basis of plaintiffs' claims is not entirely clear from the face of their complaint or their application and motion for restraining order, though the court gleans that plaintiffs accuse defendants generally of engaging in fraudulent and unlawful lending practices. Plaintiffs also allege that defendants lacked standing and/or authority to foreclose on certain unidentified property.

1    - OPINION AND ORDER

Accordingly, plaintiffs request that this court "take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and cancelling the eviction for the reasons set forth herein." Motion to Restrain at 9.

However, plaintiffs do not provide sufficient facts or legal authority to support the relief they seek. Plaintiffs appear to allege that assignments of beneficial interest in a Deed of Trust for the property at issue were not recorded in compliance with Oregon law; however, plaintiffs do not provide the Deed of Trust for the court's review or present evidence that the Deed of Trust was transferred or assigned. Further, plaintiffs do not identify the property at issue or indicate whether they, as opposed to another party, obtained the loan for such property.

Even more problematic is the fact that plaintiffs apparently request federal court intervention in a state court eviction proceeding. See Motion to Restrain at 8-10. Plaintiffs indicate that a hearing was held on January 28, 2013 in Douglas County, Oregon before a Circuit Court judge, and that the hearing was continued on January 29, 2013 and possibly January 30. Plaintiffs allege that they were denied their rights after defendants' counsel served certain documents on plaintiffs and presented them to the presiding judge. Importantly, federal courts should not intervene in state court proceedings involving issues of state law. See H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000); Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir. 1995) ("[F]ederal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."). Further, if plaintiffs received an adverse decision or judgment in a state court proceeding, they cannot appeal a state court decision to this court; they must seek review in the relevant state court of appeals. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

2    - OPINION AND ORDER

If plaintiffs believe the court misunderstands the nature of their claims or the state court action described in their motion, plaintiffs are granted leave to amend their complaint and set forth adequate grounds for federal court jurisdiction, as well as the facts and law that support their claim for relief pursuant to Federal Rule of Civil Procedure 8(a). Failure to do so will result in dismissal of this action.

## CONCLUSION

Accordingly, plaintiffs' Motion and Application for Restraining Order (docs. 3,4) are DENIED. Within twenty (20) days from the date of this order, plaintiffs are ordered to amend their complaint and set forth a <u>short and plain</u> statement of the facts and relevant law that enable this court to assume jurisdiction of their claims. Plaintiffs are advised that failure to comply with the court's order will result in dismissal of this action.

IT IS SO ORDERED.

Dated this 6th day of February, 2013.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER